**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **DAVID KNOLLY CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-0036** |
| | ) | |
| **HEAVY MATERIALS, LLC D/B/A VULCAN MATERIALS COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Complaint, filed on September 22, 2025, requesting dismissal of Plaintiff's complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Dkt. No. 7.) The time for filing any response to the motion has expired. For the reasons stated below, the Court will grant Defendant's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he "was employed by Heavy Materials, LLC, doing business as Vulcan Materials Company, for a total of seventeen (17) years on the island of St. Croix, U.S. Virgin Islands. During [said] employment, [he] worked as a Heavy Equipment Operator." Complaint, (Dkt. No. 5-1) at 1. While he was still employed with Defendant and while he was on scheduled leave, he "suffered a stroke affecting the right side of [his] body on December 29, 2022, and was hospitalized until January 3, 2023." *Id*.

Plaintiff claims that he was cleared to return to work by his healthcare provider on February 12, 2023, but when he submitted the required form to Defendant, he was told that he "would need to see a 'company doctor,'" and that a drug screening would be scheduled for his return, "but no date or further details were ever provided." *Id*. at 2. Plaintiff states that he followed-up with Defendant on multiple occasions, but he was never given any "updates regarding the drug screening or the alleged company doctor visit," but was asked to "resubmit return-to-work documentation," which he did. *Id*.

Plaintiff further alleges that "[o]n September 6, 2023, my provider issued another clearance, this time requesting light-duty work After submitting this, I was informed . . . that the company could not accommodate light-duty assignments." *Id*. Plaintiff claims that he "submitted yet another return-to-work form on September 11, 2023." Despite his attempts to return to work, Plaintiff states:

> On October 20, 2023, I received a text message from Ms. Chrissy Young [the HR manager] informing me that I was no longer employed at Heavy Materiais, LLC. She stated I was terminated due to the company's inability to accommodate my request for indefinite light-duty work. I was told a formal termination letter would be provided, but despite my repeated requests, I never received it. I also notified the union regarding this matter. They contacted the company, but the situation remains unresolved.

*Id*.

Plaintiff filed his complaint with the Virgin Islands Superior Court on August 11, 2025. Defendant then removed the proceeding to this Court on September 15, 2025.

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Insurance Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."' *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

## III. DISCUSSION

It appears that Plaintiff attempts to articulate a wrongful discharge claim. In the Virgin Islands such claims may be brought under 24 V.I.C. § 76. However, in light of the allegations in the complaint outlining Plaintiff's absence from work due to a medical condition and the reason given for Plaintiff's termination, the Court also construes the complaint as possibly claiming violations of the Americans with Disabilities Act ("ADA") and/or the Family Medical Leave Act ("FMLA").

Defendant contends that dismissal of Plaintiff's complaint is warranted because his wrongful discharge claim is preempted by the Labor Management Relations Act, as amended, ("LMRA") and because, even if Plaintiff had a viable dispute regarding his termination, he failed to follow the grievance procedure provided in the collective bargaining agreement that governs his employment with Defendant.

As demonstrated by Defendant, as a Heavy Equipment Operator, Plaintiff was covered by the Collective Bargaining Agreement Between Heavy Materials, LLC and United Industrial Workers of the Seafarers International Union of N.A., AFL-CIO ("CBA" or "Agreement"). Dkt.

No. 5-3 at 39 (at 2 of the CBA), Article I, Section 3.[1] Article XV of the CBA provides for a grievance procedure. This procedure covers the dispute outlined by Plaintiff in his complaint. In fact, it appears that Plaintiff properly initiated this procedure as evidenced by the correspondence dated October 13, 2023, from the Union to Defendant (*see* Dkt. No. 5-1 at 26-27), as well as a proposed Grievance Settlement Agreement. *See* Dkt. No. 5-1 at 28-29. The Court finds that by application of the holding in *Stafford v. Hess Oil V.I. Corp*, 133 F. Supp. 2d 384 (D.V.I. 2001), Plaintiff's wrongful discharge claim is preempted by Section 301 of the LMRA. *Id*. at 389.[2]

At the same time, a claim brought under a federal statute that does not involve the interpretation or application of the contractual provisions of a collective bargaining agreement is not preempted by Section 301 of the LMRA. *Hunt v. Potter Cty*., No. 4:16-CV-01729, 2017 U.S. Dist. LEXIS 75156, at *17 (M.D. Pa. May 17, 2017) ("Many federal law claims, including First Amendment Retaliation claims, are not preempted by § 301 of the Labor Relations Act by the CBA. 'Employee's failure to utilize or exhaust remedies available under collective bargaining agreement (CBA) did not preclude ADA claim, where her claims were

---

[1] Plaintiff attached a copy of the agreement to his complaint, which appears in the record at Dkt. No. 5-3, 5-4, 5-5.

[2] In reaching its conclusion, the *Stafford* court reasoned:

> The touchstone of the section 301 preemption analysis, as it is applied today, was first set forth in *Allis-Chalmers.* The *Allis-Chalmers* Court held that a state-law claim is preempted "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." 471 U.S. at 220 (finding that an employee's state-law tort claim against his employer for bad-faith processing of his disability-benefits insurance claim was preempted by section 301 because "the duties imposed and rights established through the state tort . . . derive from the rights and obligations established by the [collective bargaining agreement]" and necessarily involve interpretation thereof). The "substantially dependent" standard was upheld by the Court in cases to follow. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394-395, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987) (finding no preemption where individual oral contracts between employer and employee were outside CBA and neither contracts nor their breach were substantially dependent upon interpretation of CBA); *see also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988) (finding no preemption where employee claimed retaliatory discharge for her filing of a workers' compensation claim since claim raised purely factual questions on motivations of the employer, not requiring interpretation of CBA).
>
> Accordingly, under the "substantially dependent" analysis, state-law rights and obligations that do not exist independently of collective bargaining agreements, and that as a result can be waived or altered by such agreements, are preempted by those agreements. *Allis-Chalmers*, 471 U.S. at 213.

*Stafford*, 133 F. Supp. 2d at 388 (footnote omitted).

purely based on her statutory rights and did not involve contractual provisions of CBA.'") (quoting *Nieves v. Individualized Shirts*, 961 F. Supp. 782 (D.N.J. 1997)) (footnotes omitted). Consequently, to the extent Plaintiff alleges violations of the ADA and/or the FMLA, the Court will allow Plaintiff to file an amended complaint to cure the deficiencies of the original complaint.

## IV. CONCLUSION

Upon consideration, the Court finds that, because Plaintiff was an employee covered by a collective bargaining agreement and, as a result, Plaintiff's wrongful discharge claim under the Virgin Islands Code is preempted, Defendant is entitled to dismissal of the complaint in this matter. However, the Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint.

WHEREFORE, it is now hereby

**ORDERED** that Defendant's Motion to Dismiss the Complaint, Dkt. No. 7, is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 5-1) is **DISMISSED without PREJUDICE**; it is further

**ORDERED** that Plaintiff shall have up to and including **October 5, 2026**, within which to file an amended complaint; it is further

**ORDERED** that, in the event Plaintiff fails to file an amended complaint as directed, the Court **SHALL** dismiss the above-captioned matter without further notice to Plaintiff; it is further

**ORDERED** that the Clerk of Court **SHALL** send a copy of this Order to Plaintiff, David Knolly Carter, by certified mail, return-receipt requested, and **SHALL** file a copy of the return receipt on the docket.

**Dated:** September 22, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**